Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ESCALANA PÉREZ SÁNCHEZ<br><br>Apelante<br><br>V.<br><br>ANÍBAL BETANCOURT<br><br>Apelado | TA2025AP00227 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2025CV01432<br><br>Sobre: Cobro de Dinero (Regla 60) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 16 de octubre de 2025.

El 11 de agosto de 2025, compareció ante este Tribunal de Apelaciones la señora Escalana Pérez Sánchez (en adelante, señora Pérez Sánchez o parte apelante), por medio de recurso de apelación. Mediante este, nos solicita que revisemos la *Sentencia* emitida y notificada el 26 de junio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Carolina. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Demanda* interpuesta por la señora Pérez Sánchez.

Por los fundamentos que adelante se exponen, se *confirma* el dictamen apelado.

### I

La controversia de epígrafe tuvo lugar en una *Demanda Sobre Cobro de Dinero* interpuesta por la parte apelante, en contra del señor Aníbal Betancourt (en adelante, parte apelada). Indicó que, la alegada deuda era por concepto de cuido de envejeciente y limpieza de residencia.

Posteriormente, la señora Pérez Sánchez presentó *Moción Informativa a Demanda ¿El Aviso no Llega?*. Argumentó que, el 11 de marzo de 2025 fue contratada como cuidadora por el señor Daniel Betancourt mediante un contrato verbal. Sostuvo que, mediante dicho contrato pactaron que la parte apelante trabajaría por un salario de doce dólares ($12.00) por hora. Añadió que, además, fue contratada para limpiar la casa del señor Daniel Betancourt. Alegó que, más adelante fue despedida de forma injustificada y que, la parte apelada le pagó treinta y cuatro (34) horas de trabajo, pero que, le adeudaba una cantidad de $419.60.

El 8 de mayo de 2025 fue expedida la *Notificación y Citación sobre Cobro de Dinero*. En igual fecha, el foro apelado emitió *Orden de Celebración de Vista Inicial Mediante Videoconferencia*.

La parte peticionaria, el 23 de mayo de 2025, presentó *Moción* por derecho propio donde solicitó que se celebrara la vista de forma presencial.

Por otro lado, el 27 de mayo de 2025, el señor Aníbal Betancourt presentó la *Moci[ó]n Asumiendo Representaci[ó]n Legal sin Someterse a la Jurisdicci[ó]n*. Su moción tuvo el propósito de notificar al foro primario que, en la residencia en la que se entregó la citación no vivía ninguna persona llamada Daniel Betancourt y que, por ello, no se citó debidamente. A tales efectos, expresó que, el Tribunal no había adquirido jurisdicción sobre ningún demandado.

Mediante *Orden* emitida el 28 de mayo de 2025, el foro *a quo* declaró Ha Lugar la *Moción* presentada por la parte apelante el 23 de mayo de 2025. En igual fecha, el Tribunal de Primera Instancia emitió otra *Orden* donde dispuso que, la controversia planteada por el señor Aníbal Betancourt en su moción, sería atendida en la vista calendarizada el 29 de mayo de 2025.

Así las cosas, el 29 de mayo de 2025, la parte apelante presentó la *Demanda sobre Cobro de Dinero Enmendada*, con el propósito de modificar el nombre de la parte apelada. Mientras que, el 30 de mayo de 2025, mediante *Orden*, el foro de primera instancia aceptó la enmienda a la demanda.

Transcurridas varias incidencias procesales, innecesarias pormenorizar, el 26 de junio de 2025, fue celebrada la *Vista de Regla 60*. En la misma fecha, el Tribunal de Primera Instancia emitió la *Sentencia* cuya revisión nos atiene, en la que consignó las siguientes determinaciones de hechos:

1. Aníbal Betancourt (el demandado) contrató los servicios de la demandante para que cuidara a su señora madre y realizara las tareas domésticas de limpieza en el hogar.

2. Las partes acordaron que la demandante devengaría $12 por cada hora de trabajo que realizara.

3. La tarifa acordada incluía los servicios de cuido de la madre del demandado y los servicios de limpieza del hogar.

4. La demandante, entre el 11 y 14 de marzo de 2025 trabajó aproximadamente 37.5 horas.

5. El 21 de marzo de este año el demandado pagó a la demandante $450 correspondientes a 37.5 horas de trabajo dedicadas al cuido de la progenitora del demandado más $200 por los trabajos de limpieza que realizó.

De igual manera, el foro *a quo* expresó que, el testimonio de la señora Pérez Sánchez no le mereció credibilidad al ser impreciso y confuso. Añadió que, la prueba demostró que la parte apelante trabajó, por lo menos, 37.5 horas que le fueron pagadas mediante cheques el 21 de marzo de 2025. Así, el foro de primera instancia concluyó que, la parte apelante fue remunerada de conformidad con el acuerdo alcanzado con la parte apelada, por lo que, la deuda no era líquida, no estaba vencida ni era exigible. Consecuentemente, el Tribunal de Primera Instancia declaró No Ha Lugar la *Demanda*.

En desacuerdo, la parte apelante presentó *Moción* de reconsideración. Más adelante, presentó otra moción de reconsideración intitulada *Asunto: Moción Demanda de Cobro de Dinero Solicitando Reconsideración*. Mediante *Resolución Interlocutoria* emitida el 2 de julio de 2025, el foro apelado declaró No Ha Lugar la reconsideración presentada por la parte apelante.

Aún inconforme, la parte apelante acudió ante este foro revisor donde nos solicitó que revisáramos la *Sentencia* emitida el 26 de junio de 2025 por el foro *a quo*. Aunque no realizó ningún señalamiento de error, indicó que, la primera instancia judicial faltó a la ética judicial y al debido proceso.

El 25 de agosto de 2025, la parte apelada presentó la *Oposici[ó]n a Apelación*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A. *Deferencia Judicial***

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos. *Argüello v. Argüello*, 155 DPR 62 (2001); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *SLG Rivera Carrasquillo v. AAA*, 117 DPR 345, 356 (2009); *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 779 (2022).

Sin embargo, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestro Máximo Foro ha reiterado que, los tribunales apelativos "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto". *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021); *SLG Rivera Carrasquillo*

*v. AAA*, supra, pág. 356; *Ortiz Ortiz v. Medtronic*, supra, pág. 778, *Pueblo v. Hernández Doble*, 210 DPR 850, 864 (2022)[1].

No obstante, "[l]a tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Empero, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013)[2]. Es por lo que, nuestra más Alta Curia ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435. Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". (Citas omitidas). *Íd.* citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997).

### B. La Regla 60 de Procedimiento Civil

La Regla 60 de Procedimiento Civil, *supra*, existe para agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas para así lograr facilitar el acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación. J. A. Cuevas Segarra, *Tratado de Derecho Procesal*, 2da ed., Publicaciones JTS, 2011, Tomo V, pág. 1803.

La referida Regla dispone lo siguiente:

---

[1] Véase también *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013).
[2] Véase, además, *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020); *Umpierre Matos v. Juelle, Mejía*, 203 DPR 254, 275 (2019), citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado.

La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo a la demanda, el demandante podrá acompañar una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las reclamaciones de la demanda. Si la parte demandada no comparece y el tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el tribunal dictará sentencia conforme a lo establecido en la Regla 45. Si se demuestra al tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el tribunal podrá motu proprio ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario.

Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario.

La antes citada Regla 60 establece un procedimiento sumario de cobro de dinero donde las reglas de procedimiento civil para trámites ordinarios aplicarán de manera supletoria, siempre y cuando sean compatibles con el mecanismo sumario establecido en

la regla. *Cooperativa v. Hernández Hernández*, 205 DPR 624, 631 (2005). Por esto, "el emplazamiento por edicto, la contestación a la demanda, el descubrimiento de prueba, las reconvenciones, la demanda contra terceros, entre otros, son preceptos incompatibles con esta herramienta sumaria". *RMCA v. Mayol Bianchi*, 208 DPR 100, 107-108 (2021).

No obstante, la propia Regla 60 establece varias instancias en las que se puede convertir una causa de acción presentada bajo esta regla, en un procedimiento ordinario, entre las cuales se encuentra: "(1) si la parte demandada demuestra que tiene una reclamación sustancial; (2) cuando, en el interés de la justicia, las partes ejercen su derecho de solicitar que el pleito se continúe ventilando por el trámite civil ordinario; (3) partiendo de ese mismo interés, el tribunal *motu proprio* tiene la discreción para así ordenarlo; [...]". *Cooperativa v. Hernández Hernández*, 205 DPR 624, 631 (2005).

La diferencia entre el caso de cobro por la vía ordinaria y el tramitado por procedimiento sumario dispuesto por la Regla 60, *supra*, estriba en que bajo la Regla 60, se expide una notificación-citación y no un emplazamiento. En el momento en que se expida y diligencie un emplazamiento, aunque la cuantía reclamada no exceda los quince mil dólares, el pleito se convierte en un procedimiento ordinario. Si el Secretario del Tribunal, por equivocación, expide un emplazamiento, en vez de una citación, corresponde al demandante gestionar con el Secretario que se expida la notificación-citación, antes de diligenciarse el emplazamiento. Luego de diligenciarse el emplazamiento, el Secretario pierde la potestad para expedir la citación. J. A. Cuevas Segarra, *op. cit.*, págs. 1803-1804.

Ante la ausencia de poder notificar a la parte demandada por correo certificado con acuse de recibo, es necesario que la notificación-citación se diligencie personalmente conforme a lo

dispuesto en la Regla 4, contrario a la Regla 60 de 1979, que disponía que la notificación se podía realizar "por correo ordinario o cualquier otro medio". La nueva regla también excluyó la utilización del emplazamiento por edicto ya sea para los demandados no residentes o para los residentes que no pudieron ser localizados. J. A. Cuevas Segarra, *op. cit.*, pág. 1804.

En lo pertinente al caso que nos ocupa, nuestro Tribunal Supremo ha establecido que únicamente se pueden reclamar por vía judicial las deudas vencidas, líquidas y exigibles. *Ramos y otros v. Colón y otros*, 153 DPR 534, 546 (2001). Respecto a los últimos dos conceptos, [ha] expresado que:

> El vocablo 'líquida' en relación con una cuenta, en lenguaje corriente significa el saldo 'o residuo de cuantía cierta que resulta de la comparación del cargo con la data'. Y la voz 'exigible' refiriéndose a una obligación, significa que puede demandarse su cumplimiento. [3]

La deuda es líquida por ser cierta y determinada[4] y es exigible porque puede demandarse su cumplimiento. *Guadalupe v. Rodríguez*, supra, pág. 966. Así que, "al alegarse que la cuenta es 'líquida y exigible' se están exponiendo hechos, a saber: que el residuo de la cuantía ha sido aceptado como correcto por el deudor y que está vencido". *Íd.*

En el ámbito procesal, el hecho de que la deuda sea líquida y exigible en una demanda de cobro de dinero atendida conforme a la Regla 60 es un elemento que, además de la notificación-citación, debe ser superada por la parte promovente para que el tribunal pueda atender todas las cuestiones litigiosas y dictar sentencia inmediatamente.[5] Sobre ese particular, el Prof. Rafael Hernández

---

[3] *RMCA v. Mayol Bianchi*, supra, pág. 108, citando a *Guadalupe v. Rodríguez,* 70 DPR 958, 966 (1950).

[4] *Ramos y otros v. Colón y otros*, supra, pág. 546, citando a M.A. Del Arco Torres y M. Pons González, *Diccionario de Derecho Civil*, Navarra, Ed. Aranzadi, 1984, T. II, pág. 16; *Freeman v. Tribunal Superior*, 92 DPR 1, 25 (1965).

[5] *Cooperativa v. Hernández Hernández,* supra, pág. 636, citando a *Asoc. Res. Colinas Metro v. S.L.G.,* 156 DPR 88, 100 (2002).

Colón comentó que la reclamación sustancial que pueda tener el demandado que requiera la conversión del procedimiento puede ser "porque el derecho de cobro no surge claro, se necesita hacer descubrimiento de prueba, se tiene una reconvención compulsoria o se necesita añadir un tercero demandado, entre otras cosas". R. Hernández Colón, *Práctica Jurídica de Puerto Rico. Derecho Procesal Civil,* 6ta ed., San Juan, LexisNexis, 2017, sec. 2404, pág. 629.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

La parte apelante presentó recurso de apelación, mediante el cual nos solicita que revisemos la *Sentencia* emitida el 26 de junio de 2025, por el Tribunal de Primera Instancia. La señora Pérez Sánchez no realizó ningún señalamiento de error. No obstante, sostiene que, el foro apelado faltó a la ética judicial y al debido proceso de ley. Asimismo, cuestionó la apreciación de la prueba por parte del foro *a quo*.

Adelantamos que, no le asiste la razón. Veamos.

Según podemos observar, la parte apelante ataca la apreciación de la prueba. Al no contar con la exposición narrativa u otro método de reproducción de prueba, la parte apelante no nos colocó en posición de variar el dictamen del foro primario.

Cabe mencionar que, la señora Pérez Sánchez presentó un USB que contenía dos (2) archivos, que no pudieron ser reproducidos. Desconocemos el contenido de dichos archivos.

El Reglamento de este Tribunal dispone que, en las instancias en las que la parte apelante hubiera señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de esta por parte del foro apelado, deberá reproducir la prueba oral, de conformidad con lo dispuesto en la

Regla 76 del Reglamento.[6] Lo anterior, tiene el propósito de colocarnos en posición de evaluar la prueba que el foro apelado tuvo ante sí y determinar, si en efecto, se equivocó en su apreciación.

De un examen ponderado de los planteamientos propuestos por la parte apelante y del expediente ante nuestra consideración, razonamos que, habida cuenta de que la parte apelante no nos puso en posición de evaluar la prueba desfilada, procede dar como correctas, las determinaciones de hechos esbozadas por el foro primario.

Somos del criterio que, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos.[7] Tal deferencia podrá ser preterida cuando medie pasión, prejuicio, parcialidad o error manifiesto.[8] En el caso de epígrafe, la parte apelante no logró demostrar la existencia de pasión, prejuicio, parcialidad o error manifiesto.

Conforme a lo anterior, el Tribunal de Primera Instancia no incidió al declarar No Ha Lugar la *Demanda.*

**IV**

Por los fundamentos que anteceden, se *confirma* el dictamen apelado.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] Regla 19 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.
[7] *Ortiz Ortiz v. Medtronic,* supra, pág. 779.
[8] *Santiago Ortiz v. Real Legacy et al.*, supra, pág. 219.